## Case No. 3,329.

### CRAIG v. BROWN.

[Pet. C. C. 443.] [1]

Circuit Court, D. Pennsylvania. April Term, 1817.

#### PLEADING—DUPLICITY.

A replication to the plea of the statute of limitations, which stated that the debt arose on an account between merchant and merchant, and that the plaintiff was beyond sea, is bad for duplicity.

This was an action [by Lewis Craig against Elijah Brown] on a bill of exchange against the drawer. The pleas were non assumpsit, and non assumpsit infra sex annos. Replication to the second plea, that an action for the same debt was brought in this court, in the year 1813, and in 1815 the plaintiff was nonsuited [Cases Nos. 3,326 and 3,327], and that six years had not run since the first nonsuit; that the debt sued for arose upon an account between merchant and merchant; and that the plaintiff was beyond seas when the cause of action arose, viz. at New Orleans, and he has not since been within the state of Pennsylvania. To this plea the defendant demurred, stating for cause, first, that the replication is a departure from the declaration, which states that the cause of action is a bill of exchange; and second, that it is double.

---

[1] [Reported by Richard Peters, Jr., Esq.]

[For discharge of a rule to show cause why defendant should not be discharged on common bail, see Case No. 3,328.]

WASHINGTON, Circuit Justice. The second cause of demurrer is fatal to the replication. The replication contains three distinct answers to the plea. Judgment must be given for the defendant.

The plaintiff then moved for leave to amend, which was granted. ·　·

[NOTE. On the trial the plaintiff was nonsuited. Case No. 3,330.]